We will hear argument next from Yang v. Eastman School of Music, 21-1482. And if the interpreter would also come up. Thank you. Ms. Yang. Good morning, Your Honors. My name is Huo Huang, Mandarin Chinese interpreter. Okay. So, I don't know if you want to swear me in first? Because, I mean, that's what they usually do in other courts. Do you want to swear me in? I don't think that we need to swear you in. Oh. You're a Chinese interpreter and you've interpreted for the district court? Yes, for both district court and state court as well. And you've given the court deputy your name and information? I can do it again right now. No, no, no. That's okay if you've already done that. So, why don't we proceed? Mr. Yang, you have five minutes. And if at any point you don't understand your interpreter, please let me know. Okay. And just one more thing. We have the benefit of what you've provided us, the materials that you've provided us. So, you should be aware of that. Okay. You can proceed. First of all, First of all, this case involves concepts of the Constitution and also a part of the state laws. This case involves racial problems including the appellant, so-called racist speech. I'm having a hard time, so maybe if you could put down this microphone and we'll hear you. Originally, it was the original theme topic of this case. Yeah. Second, it also includes the racial discrimination problem against the plaintiff, Si Yu-yang. And also, the problem of the defendant denigrates the plaintiff and also intrusion of the right of Si Yu-yang. And also, a problem of the defendant did not give the plaintiff Si Yu-yang due procedure. And also, the problem of the contract between the plaintiff and the defendant. Excuse me. I just have this question. Where in this case is there any indication that the decision was made on the basis of race, ethnicity, or one of the things that allows us as a federal court to act? Interpreter speaking, Your Honor, can you kindly repeat it one more time in a little bit louder place for the interpreter? Where in this case is there any evidence that the decision that was made, whether it was right, wrong, or slanderous, was made on the basis of race or ethnicity or something that gives this court the right to act? Interpreter speaking, Your Honor, can you kindly repeat it one more time in a little bit louder place for the interpreter? I also made my clarifications in complaint. I also made clear all the explanations in all motions. Thank you. Interpreter speaking, Your Honor, can you kindly repeat it one more time in a little bit louder place for the interpreter? And all the basis, the reasons of the complaint of this case are independent of each other, and they're very intertwined and cannot be separated. And the involved constitutional concepts that it involves, and also on the basis of the plaintiff, have offered regarding the federal law questions in the letter of complaint, and also in all previous rebuttal motions, and also summaries of the appeal have been clearly demonstrated as well. Thank you. Interpreter speaking, Your Honor, can you kindly repeat it one more time in a little bit louder place for the interpreter? The charges that the defendant infringes upon the plaintiff's human rights and also freedom of speech, which is a constitutional concept. Interpreter speaking, Your Honor, can you kindly repeat it one more time in a little bit louder place for the interpreter? Interpreter speaking, Your Honor, can you kindly repeat it one more time in a little bit louder place for the interpreter? private entities that should be protected by the law, who both should have the protection of the freedom of speech. And this has nothing to do with the opposing party, which is the defendant. If there is any nation or state behaviors, everyone should have the freedom to express their opinions, also to be responsible for abusing this right. The federal jury should examine Su Yu-yang's speech to determine if it has become a serious degree that reached what we say a racial bias or racial discrimination. May I ask you a question? You are his father, is that correct? May I ask you a question? You are his father, is that correct? I am Su Yu-yang's father, Lu Yang. How were you injured by the university's actions? He posted his speech online and the university deemed his speech as a speech of racial bias. Yes, but that's how he was injured. How were you injured? It was an injury to him. It was a defamation slandering of him, which has spread around in the community, and gradually his injury influenced us or injured us, the parents. I'd like you to understand two things. One, unless the defendant is a government entity or acting as a government entity, it can do anything to your speech that it wants as far as federal courts are concerned. We do not have power to enter into it. That may be a state court issue. You must show that the defendant is in some way a government entity in that, unless what they are doing is based on some form of racial, ethnic discrimination. So we must look at your case to see either if what they did there was evidence of racial or ethnic discrimination or that they were acting as a government entity affecting your speech. Otherwise, you may have a claim in state court, but we are powerless to act, however wrong what they did is. And you must understand that because we are courts of limited jurisdiction. The issue of freedom of speech was discussed in the state court on Monday. Unless what they did there was based on some form of racial, ethnic discrimination, based on what they did there was no power to act in federal courts. Do you understand what I just said? It went beyond the limit of freedom of speech, which constitutes a slandering case for us. This is a case that the federal court should hear. In addition, it cooperates with the Chinese Communist Party, which constitutes a second problem. Mr. Yang, so I think as long as you understood what my colleague said, I think we also have your argument as well as your son's argument. What we are going to do, do you want to translate at the same time or do you want to... Mr. Yang, I understand your argument. We also have your son's argument. What we are going to do is we are going to listen to the lawyer for the school, for the university, and then we will be done, but we will consider your arguments, consider the university's arguments, and make a decision sometime after we leave. To understand that. I have another issue of the racial discrimination. So we have the materials, so we've heard you and I think we understand your arguments very well. Thank you very much. Thank you very, very much. Thank you very much. So we'll hear from Ms. Harshbarger. Good morning, Your Honors. May it please the Court, Laura Harshbarger of Bonschnegg and King, for all defendant appellees, including the individually named defendant appellees. I meant to include all of that, yes. Your Honors, we respectfully request that the decision of the lower court be affirmed. Judge Wolford correctly analyzed the issues in this case, which is to say that there had not been pled a viable federal cause of action. May I ask you a question? Who actually makes the admission decision to rescind? Is that the university? Is that the Eastman School of Music? And are there different admissions committees or offices? Just as a matter of interest. Your Honor, the Eastman School of Music is not a separate legal entity from the University of Rochester. In this instance, the Eastman School of Music has a very extensive admissions process, as one can imagine in a music program, involving tapes and auditions and interviews and that kind of thing, all of which Mr. Yang and Sayu Yang participated in and was offered admission. When it came to the issue of rescinding admission, the university went through a very extensive deliberation process, as I believe you will see outlined in the 109-page complaint in Yang 2, which includes all of the correspondence between the university or the Eastman School of Music and the Yang family, as it deliberated what to do with respect to the social media post that appeared in this case after the offer of admission. So to answer your question succinctly, I would say it is the Eastman School of Music that offered admission. It is not an entity different or distinct from the University of Rochester. And ultimately, the deliberation in this process to rescind admission went through multiple levels, the Eastman School of Music all the way up through a multidisciplinary committee at the University of Rochester, and then frankly to the president of the University of Rochester herself, Sarah Mengelsdorf. Thank you very much. But that whole process was in effect a kind of appellate process? In other words, did the Eastman School decide first we're going to rescind, then the Yang family objected to that, and then the decision went up the chain of command? I think that was the question really. Or was the initial decision to rescind made external to the Eastman School? The original decision to rescind was made by a multidisciplinary committee that included members of the Eastman School of Music, including others, that then made a recommendation. Is that committee in place ordinarily, or was it established specifically to deal with this claim? That committee was established in response to a couple of similar issues across the university, frankly, one also involving another school, so not the Eastman School of Music, but was similar process. So with an issue of admission that then something happened, a committee was set up to deal with these in various places? Yes, Your Honor. And that committee included a representative, a dean or an associate dean from the Eastman School of Music? Yeah, ultimately, one of the letters that you will see in the complaint, Your Honor, is from Dean Rossi, who is the dean of the Eastman School of Music, and he made the decision upon the recommendation of this multidisciplinary committee. Okay, that's very helpful. Thank you. Anything else? There's nothing else. If you don't have any questions, I believe our positions are stated clearly in our papers. Thank you very much. We'll reserve the decision. Mr. Yang and Mr. Yang again, we will have a decision for you at some point after today, and that concludes today's oral argument calendar. I'll ask the clerk to adjourn court. Thank you.